UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANIMAL LEGAL DEFENSE FUND,

Plaintiff,

v.

OLYMPIC GAME FARM, INC., *et al.*,

Defendants.

Case No. C18-6025RSL

ORDER REGARDING MOTION TO SEAL
(Dkt. # 157)

This matter comes before the Court on "Plaintiff's Motion on Documents Filed Under Seal." Dkt. # 157. Pursuant to LCR 5(g), plaintiff seeks to seal records designated as confidential by defendant Olympic Game Farm ("OGF") and/or third-party Sequim Animal Hospital ("SAH").[1] With the exception of OGF's profit and loss statement, Dkt. # 161-1, plaintiff does not believe that any of the other documents should remain under seal. The parties were unable to reach agreement regarding the seal issues.

"There is a strong presumption of public access to the court's files. LCR 5(g). A party's unilateral designation of a document as confidential under a protective order does not, in and of

---

[1] The documents at issue are Dkt. # 159 (Declaration of Dr. Lisa Harrenstien, including photos of OGF's operation); Dkt. # 160 (portions of the Motion for Summary Judgment describing the conditions at OGF); Dkt. # 160-1 (deposition transcript of OGF's former employee, Julie Carrizosa); and Dkt. # 161 (certain exhibits to the Declaration of Daniel Waltz, including OGF financial records and veterinary records).

ORDER REGARDING MOTION
TO SEAL (Dkt. # 157) - 1

itself, justify a seal under LCR 5(g)(2). Where a document has been offered in support of or opposition to a dispositive motion, the party requesting that the record be sealed

> must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations, quotation marks, and alterations omitted).

OGF has not satisfied its burden, having failed to provide the Court with anything other than its fear that production of the deposition transcript, veterinary records, or photographs will embarrass them or benefit plaintiff in its pursuit of this litigation. The actual conditions at OGF are the critical issue in this lawsuit, and the public's understanding of the Court's dispositive rulings will turn on their awareness of those conditions. The Court is not bound by a non-disclosure agreement signed decades ago, nor have defendants' shown that Ms. Carrizosa's testimony is irrelevant. With regards to the veterinary records, the fact that veterinarians treat their records as confidential does not shield them from discovery or public disclosure. There is no veterinarian privilege, no animal equivalent of the Health Insurance Portability and Accountability Act, and no case law suggesting that humans and animals are entitled to the same level of privacy. Defendants' objection to the public disclosure of photographs taken by plaintiff

ORDER REGARDING MOTION
TO SEAL (Dkt. # 157) - 2

during a site visit are, for the most part, too vague and speculative to justify the public's exclusion. In fact, OGF asserts that it "is not concerned that the public will see the images . . . ." Dkt. # 171 at 5. Instead, OGF suggests that unidentified third parties who are somehow affiliated with plaintiff will use the photos for commercial purposes, namely to solicit funds with which to pursue this litigation. OGF does not, however, explain how such a use would be improper. Plaintiff, seemingly in good faith, believes that OGF is harming the endangered species in its care. If the photographs support that narrative and are not used "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," *Kamakana,* 447 F.3d at 1179 (citation omitted), the balance of interests favors public access.

Finally, OGF relies heavily on the Honorable Ronald B. Leighton's July 31, 2020, order denying plaintiff's motion to lift the confidentiality designation on the veterinary records and the photographs. Dkt. # 111. At the time, there were no dispositive motions pending: in fact, there were no motions pending at all. Judge Leighton's order was therefore based on a different analysis and did not set forth compelling reasons or the factual basis for its ruling as is required here. *See Kamakana,* 447 F.3d at 1179 (citation and quotation marks omitted).

OGF has not made the showing necessary to preclude public access to the deposition transcript, veterinarian records, or photographs at issue. Plaintiff's motion to seal (Dkt. # 157) is GRANTED in part and DENIED in part. The Clerk of Court is directed to unseal Dkt. # 159, Dkt. # 160, Dkt. # 160-1, and Dkt. # 161 EXCEPT for Dkt. # 161-1.

Dated this 7th day of January, 2022.

Robert S. Lasnik
United States District Judge

ORDER REGARDING MOTION
TO SEAL (Dkt. # 157) - 3