THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND,<br><br>Plaintiff,<br><br>v.<br><br>OLYMPIC GAME FARM, INC., ROBERT BEEBE, JAMES BEEBE, and KENNETH BEEBE,<br><br>Defendants. | No. 3:18-cv-06025-RSL<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>**Note on Motion Calendar:**<br>**April 8, 2022** |

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION
(3:18-cv-06025-RSL)

115089077.3 0069042-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

1  Defendants, Olympic Game Farm, Inc., Robert Beebe, James Beebe, and Kenneth Beebe
2  (collectively, "**Olympic Game Farm**" or "**Defendants**"), file this reply in support their Motion
3  for Reconsideration (the "**Motion**") (Dkt. 231).  For the reasons set forth in the Motion and those
4  set forth below, the Motion should be granted.

5  **A.  The Court Lacks Subject Matter Jurisdiction Over Claims Not Included in ALDF's 60-day Notice Letter.**
6

7  The Court's Order on Summary Judgment concluded that "triable issues of fact" remained
8  on some of the Endangered Species Act ("**ESA**") claims asserted by Plaintiff, Animal Legal
9  Defense Fund ("**ALDF**"), including "the housing and care of wolves" and the alleged "failure to
10 provide timely and adequate care for Purrsia's broken femur."  Dkt. 228 at 30.  Defendants sought
11 reconsideration on those claims because allegations related to Purrsia's femur do not appear in the
12 60-day notice letter, and any issues related to wolves should likewise be limited to those found in
13 the 60-day notice letter.

14 ALDF does not dispute that the ESA's 60-day notice requirement is jurisdictional and
15 cannot be waived.  Nonetheless, ALDF argues that reconsideration is not appropriate because
16 Defendants did not specifically call out these deficiencies for the Canada lynx and wolves in the
17 summary judgment briefing.  This oversimplifies the briefing.  Defendants did raise the 60-day
18 notice defense in *response* to Plaintiffs' Motion for Partial Summary Judgment, *see* Dkt. 206 at 8–
19 10, 14–15, 19, 21–23, but ALDF did not move for summary judgment on either species.  *See*
20 *generally* Dkt. 147. Furthermore, it is undisputed that at the time of filing, wolves had been
21 delisted.  Dkt. 228 at 7.  Accordingly, there was no reason to raise these specific jurisdictional
22 defenses in that context.

23 In any event, the Court has an independent obligation to evaluate subject matter jurisdiction
24 and can do so on reconsideration.  *See, e.g., Nw. Env't Advocs. v. United States Dep't of Com.*, No.
25 C16-1866-JCC, 2017 WL 4957870, at *1 (W.D. Wash. Oct. 31, 2017).  The Court must address
26 these subject matter jurisdictional issues at some point before trial, and there is no reason not to

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION - 1
(3:18-cv-06025-RSL)
115089077.3 0069042-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

do so now.  *Bradshaw v. Jenkins*, No. C83-771R, 1984 WL 2457, at *1 (W.D. Wash. Aug. 27, 1984) ("[a]lthough it would have been more appropriate for Seafirst to raise the standing issue by a motion to dismiss for lack of subject matter jurisdiction rather than a motion for reconsideration, the court sees no reason not to address the issue at this time.").

ALDF argues, in the alternative, that this issue "will soon be moot" because it sent another 60-day notice to Olympic Game Farm *after* this Court dismissed most of ALDF's claims.  Dkt. 237 at 5.  ALDF is wrong.  The ESA states that "no action may be commenced … prior to sixty days after written notice of the violation" is provided.  16 U.S.C. § 1540(g)(2)(A)(i).  This action "commenced" in December 2018.  Dkt. 1.  ALDF cannot retroactively "moot" a jurisdictional deficiency by filing a notice three and a half years *after* the action commenced.

ALDF's argument that its existing 60-day notice is sufficient to put Olympic Game Farm on notice of claims related to inadequate veterinary care for wolves and the Canada lynx is equally misguided.  ALDF points to no place in the 60-day notice where there are any allegations related to veterinary care for wolves or Purrsia.  That's because there are none.  ALDF's wolf allegations in its 60-day notice letter are based on the "AZA Large Canid Manual" standards for enclosure sizes and visual barriers, and that failure to comply with AZA standards allegedly frustrates "essential natural behaviors" of wolves in violation of ESA.  Dkt. 148-9 at 5–6.  There is no mention of feeding, nutrition, or veterinary care for wolves in the 60-day notice.  *See id.*  ALDF's lynx claims are similarly based on its subjective belief that "'bigger enclosures are likely better for lynx well-being'" and that the conditions of the enclosures "amount to a taking of an endangered species."  Dkt. 148-9 at 12–13.  There are no allegations related to improper veterinary care for the lynx.  *See id.*  As the Court correctly determined with respect to other species, "Defendants could not, based on the notice letter, reasonably be expected to anticipate most of the violations that are now being claimed."  Dkt. 228 at 17.  The Court, therefore, lacks jurisdiction over these claims regarding the wolves and lynx, and they should be dismissed.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION - 2
(3:18-cv-06025-RSL)

115089077.3 0069042-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

B. **Defendants Seek Clarification that Kodiak Brown Bears of the Subspecies *Ursus Arctos Middendorfi* Are Not Protected by the ESA.**

ALDF argues, without evidence, that *all* brown bears in North America are the same "species" based on genetics. Dkt. 237 at 5–6. This is misleading. As the United States Fish & Wildlife Service—the agency that makes the listing decision—explains, the "literature establishes one single holarctic species (*Ursus arctos*) and two North American subspecies, *U. a. horribilis* and *U. a. middendorfi*. *U. a. horribilis* is the subspecies that occurs in North America outside of Kodiak Island, Alaska." 72 Fed. Reg. 14,866, 14,884 (Mar. 19, 2007); *see also id.* at 14,866 ("The two North American subspecies approach . . . is generally accepted by most taxonomists today, and is the approach we use.").[1] There are genetic differences in these two distinct subspecies. *Id*. at 14,878 ("Only Kodiak Island grizzly bears, a different subspecies (*Ursus arctos middendorfi*), have lower heterozygosity scores (26.5 percent), reflecting as much as 12,000 years of separation from mainland populations."). Only the *Ursus arctos horribilis* subspecies is listed under the ESA; the *Ursus arctos middendorfi* subspecies is not. 50 C.F.R. § 17.11; 70 Fed. Reg. 69584, 69584 (Nov. 17, 2005) (clarifying listing decision to apply only to *U. arctos horribilis* subspecies). Kodiak bears (wherever found) are a different subspecies and are not protected by the ESA. There is no plausible argument that a Kodiak bear somehow becomes a different subspecies when shipped to the continental United States. Nor is there a plausible argument that the progeny of two Kodiak bears becomes a different subspecies if born in the continental United States.

ALDF bears the burden of proving that the brown bears in question are of the protected subspecies *Ursus arctos horribilis*. ALDF has no such evidence. ALDF now argues that only genetics could prove which subspecies the bears belong to, yet ALDF chose not test any bear for Kodiak lineage and ALDF has no such genetic evidence. Dkt. 237 at 5–6. In contrast, Olympic Game Farm presented genetic evidence that the brown bears Fee, Fie, Fumm, Connie, Lillie,

---

[1] ALDF selectively cited and quoted this authority in its opposition to summary judgment while ignoring the scientific consensus that there are two distinct subspecies, and only one is listed under the ESA. Dkt. 189 at 5–6.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION - 3
(3:18-cv-06025-RSL)

115089077.3 0069042-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

1  Samantha, Patches, and Good Mama were born at the Olympic Game Farm (two or more decades
2  ago) and were the progeny of Kodiak bears.  Dkt. 104 ¶¶ 39–40 & Exs. G, H.  For its part, ALDF
3  itself submitted evidence showing that these are Kodiak bears.  Dkt. 148 at Ex. 41, at 3.  At the
4  very least, there remains a triable issue of fact that ALDF must prove at trial.

5           DATED:  April 8, 2022.

                                                STOEL RIVES LLP


                                                /s/ Jason T. Morgan
                                                Jason T. Morgan, WSBA No. 38346
                                                Aric H. Jarrett, WSBA No. 39556
                                                Rachel D. Groshong, WSBA No. 47021
                                                James C. Feldman, WSBA No. 51271
                                                600 University Street, Suite 3600
                                                Seattle, WA  98101
                                                Phone: (206) 624-0900
                                                Facsimile: (206) 386-7500
                                                Email:   jason.morgan@stoel.com
                                                          aric.jarrett@stoel.com
                                                          rachel.groshong@stoel.com
                                                          james.feldman@stoel.com

                                                Attorneys for Defendants

DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION - 4
(3:18-cv-06025-RSL)
115089077.3 0069042-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900