THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANIMAL LEGAL DEFENSE FUND,

Plaintiff,

v.

OLYMPIC GAME FARM, INC., ROBERT
BEEBE, JAMES BEEBE, and KENNETH
BEEBE,

Defendants.

No. 3:18-cv-06025-RSL

**DEFENDANTS' OPPOSITION TO
MOTION TO REOPEN DISCOVERY**

**Note on Motion Calendar:
August 19, 2022**

DEFENDANTS' OPPOSITION TO
MOTION TO REOPEN DISCOVERY - 1
(3:18-cv-06025-RSL)
116376067.4 0069042-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

## I.   INTRODUCTION AND RELIEF REQUESTED

Nearly four years after the start of this litigation, more than two years after the close of fact discovery, and almost one year after this Court set the October 3, 2022 trial date, Plaintiff, Animal Legal Defense Fund ("**ALDF**"), belatedly seeks leave to re-open discovery to conduct an additional site visit of Olympic Game Farm.  ALDF bases its untimely motion on the false premise that "new information" from a timely supplemental expert report and a third-party supplemental document production that ALDF requested "suggest[s]" changes to the enclosures and pairings of the wolf-dog hybrids residing at Olympic Game Farm.  Dkt. 244 at 2.  ALDF is wrong, and those narrow issues do not justify an expansive and intrusive site visit.  The Court should reject ALDF's thinly veiled attempt to manufacture evidence and expert testimony to present at a trial that is less than seven weeks away.

## II.   BACKGROUND

ALDF served its 60-day notice of intent to sue in September 2018 and filed this lawsuit in December 2018.  Dkt. 1.  Fact discovery closed on April 6, 2020, and most depositions were completed by April 2021.  Dkts. 52, 120, 124.  After the discovery cutoff, the Court granted ALDF leave to seek additional photos and documents from the Washington Animal Disease and Diagnostic Lab ("**WADDL**"), and Defendants, Olympic Game Farm, Inc., Robert Beebe, James Beebe, and Kenneth Beebe (collectively, "**Olympic Game Farm**" or "**Defendants**"), fully cooperated and, in fact, facilitated production of responsive photos and documents from that third-party.  *See* Dkt. 215.  In July 2022, the Parties conducted a half-day continuation of the 30(b)(6) deposition of WADDL for the limited purpose of receiving testimony regarding the necropsies performed by WADDL on three geriatric animals that passed away after WADDL's initial 30(b)(6) deposition in February 2021.[1]

---

[1] ALDF accuses Defendants of taking this third-party deposition after the close of discovery but fails to mention that ALDF issued its own subpoena to WADDL for the very same deposition testimony and documents. Feldman Decl. ¶ 7, Ex. D.

DEFENDANTS' OPPOSITION TO
MOTION TO REOPEN DISCOVERY - 2
(3:18-cv-06025-RSL)
116376067.4 0069042-00001

1    On January 6, 2020, ALDF conducted a full-day site visit at Olympic Game Farm.  In the

2    three weeks prior, the Parties carefully negotiated the logistics and parameters for that site visit.

3    *See* Declaration of James Feldman ("**Feldman Decl.**") ¶ 2, Ex. A.  ALDF originally requested an

4    open-ended number of visits—a proposal that Defendants objected to because it would interfere

5    with normal business operations and potentially jeopardize animal safety.  *See id.*, Ex. A at 7.

6    Through negotiations, the Parties agreed to *a single site visit* to be conducted on January 6, 2020,

7    lasting no more than 8 hours.  *See id.*, Ex. A at 18.  During the site visit, ALDF's attorneys and

8    experts visited and photographed animal enclosures, the animal care office, the ticket office, the

9    hay barns, and the food preparation and storage areas.  *Id.* ¶ 3.

10    On March 8, 2022, the Court issued its Orders on the Parties' respective motions for

11    summary judgment, dismissing the majority of ALDF's claims and significantly reducing the

12    number of issues that remain for trial.  Dkts. 228, 229.  There are only four discrete issues, all

13    under the Endangered Species Act, that remain for trial: (1) the unrestricted feeding of whole wheat

14    bread to brown bears; (2) the housing and care of wolf-dog hybrids; (3) the alleged failure to

15    provide adequate veterinarian care to tigers for renal disease; and (4) the alleged failure to provide

16    timely and adequate care for the Canada lynx's (Purrsia) broken femur six years ago.  Dkt. 228 at

17    30.[2]

18    In June 2022, ALDF requested that Defendants supplement their discovery responses to

19    include updated animal care records and that third-party Sequim Animal Hospital supplement its

20    production of veterinary records.  In response, Defendants noted that ALDF's request included

21    information irrelevant to the remaining four issues for trial, but nonetheless worked diligently to

22    promptly produce the requested documents in the possession of their third-party veterinarian.

23    Feldman Decl. ¶ 10.  At the same time, Defendants requested that ALDF supplement its discovery

24    responses to identify the relief it was seeking at trial—a request that ALDF claimed was both

25
26    _____
    [2] The parties' *Daubert* motions (noted for April 2021) and motions for reconsideration (noted for April 2022) remain pending, as well as Plaintiff's motion to amend its Complaint (noted for April 2022).  *See* Dkts. 142, 145, 230, 231, 234.

DEFENDANTS' OPPOSITION TO
MOTION TO REOPEN DISCOVERY - 3
(3:18-cv-06025-RSL)
116376067.4 0069402-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

1    "premature" and had been "waived" by Defendants. *Id.* Consistent with the Case Scheduling

2    Order and Fed. R. Civ. P. 26(a)(2)(d), Defendants served their supplemental expert witness

3    disclosure on ALDF on July 5, 2022.

### III.    ISSUE STATEMENT

5    Whether this Court should deny ALDF's belated request for leave to conduct a site visit

6    when:  (1) ALDF is reneging on its prior agreement to a single site visit; (2) an additional site visit

7    is disproportionate to the needs of the case given the four discreet claims that remain for trial after

8    the Court's Orders on summary judgment; (3) ALDF does not have a compelling reason for why

9    it waited until less than three months before trial to seek another site visit; and (4) a site visit at

10   this late juncture would unreasonably prejudice Defendants.

### IV.    EVIDENCE RELIED UPON

12   Defendants rely upon the Declaration of Robert Beebe, the Declaration of James Feldman,

13   and the record and file herein.

### V.    ARGUMENT AND AUTHORITY

15   A party must establish good cause to reopen discovery. *Johnson v. Mammoth Recreations,*

16   *Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992).  In deciding a motion to reopen discovery, courts

17   consider: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-

18   moving party would be prejudiced; (4) whether the moving party was diligent in obtaining

19   discovery; (5) the foreseeability of the need for additional discovery in light of the time allowed

20   for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant

21   evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). "The

22   decision to reopen discovery lies within the discretion of the district court." *United Cap. Funding*

23   *Corp. v. Ericsson, Inc.*, No. C15-0194JLR, 2019 WL 215075, at *3 (W.D. Wash. Jan. 16, 2019).

24   Considering these factors, ALDF cannot establish good cause to reopen discovery.  Trial

25   is scheduled to begin in less than seven weeks, and despite knowing of the October 3 trial date for

26   nine months, ALDF did not seek an additional site visit until the eve of trial.  Dkt. 220.  In fact,

DEFENDANTS' OPPOSITION TO
MOTION TO REOPEN DISCOVERY - 4
(3:18-cv-06025-RSL)
116376067.4 0069042-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

1    ALDF never mentioned the need for an additional site visit during the October 2021 status

2    conference (when the Court set the trial date) and confirmed in late March 2022 that it "does not

3    expect any discovery aside from the updates already anticipated by the Court and the parties during

4    the October 8, 2021, status conference ….".  Dkt. 234 at 6.

5         Hoping to avoid the natural and foreseeable consequence of its lack of diligence, ALDF

6    now claims that its tardiness in attempting to compel another site visit should be excused because

7    it only recently discovered information from Dr. Briggs' timely supplemental expert report and

8    veterinary records produced by third-party Sequim Animal Hospital.  This so-called "new

9    information" boils down to (1) ALDF's belief that it is at an "information disadvantage" because

10   it was purportedly unaware that Dr. Briggs continued to visit Olympic Game Farm since ALDF's

11   site visit, and (2) ALDF's contention that there is "vague and inconsistent" information about

12   whether new wolf-dog enclosures have been built and wolf-dog pairings changed since ALDF's

13   January 2020 site visit. *See*, *e.g.*, Dkt. 244 at 2.  ALDF's proffered justifications do not hold up to

14   scrutiny or warrant another site visit at this late stage.  ALDF's motion is nothing more than a last

15   minute attempt to supplement the opinions of its expert who have not observed the animals at issue

16   in more than two-and-a-half years and to collect photos and videos that could have been obtained

17   on ALDF's previous site visits for use at trial.  *See Yeager v. Yeager*, No. 2:06-CV-

18   001196JAMEFB, 2009 WL 1159175, at *3 (E.D. Cal. Apr. 29, 2009) (denying motion to reopen

19   discovery where party failed to act diligently in conducting discovery).  ALDF's motion should be

20   denied.

21   **A.    ALDF's Purported Need for Another Site Visit Was Foreseeable, But ALDF Was Not
         Diligent in Seeking Such a Visit.**

22

23        ***1.    ALDF Has Known that Dr. Briggs Continued to Visit Olympic Game Farm since
               January 2020.***

24        ALDF faults Defendants for continuing to prepare their defense for trial, contending that it

25   could not "expect that [Defendants'] expert would make five subsequent visits to OGF over those

26

DEFENDANTS' OPPOSITION TO
MOTION TO REOPEN DISCOVERY - 5
(3:18-cv-06025-RSL)
116376067.4 0069042-00001

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

years." Dkt 244 at 8.  It is no secret that Dr. Briggs continued to visit the Olympic Game Farm on multiple occasions since ALDF's January 2020 site visit.  Indeed, Dr. Briggs testified at his January 27, 2021 deposition that he had made five visits to the Olympic Game Farm, two of which occurred after January 2020.  Feldman Decl. ¶ 8, Ex. E at 4.  Dr. Briggs' April 2021 expert rebuttal report similarly notes that he visited Olympic Game Farm on five separate occasions.  Dkt. 205 at 27; *see also* Dkt. 174 at 95 (noting Dr. Briggs had spent four full days at the Olympic Game Farm in addition to ALDF's site visit).  Despite this knowledge, ALDF waited more than a year until just two months before trial to assert that Dr. Briggs "has acquired an unfair information advantage."[3]  Dkt. 244 at 7.  ALDF's delay demonstrates a lack of diligence in pursuing the discovery it now claims is necessary.  *See Balsey v. BNSF Railway Co.*, No. 3:09-CV-05168-RJB, 2010 WL 11561363, at *2 (W.D. Wash. Nov. 30, 2010) (denying motion to reopen discovery where four-month delay showed a lack of diligence on the part of Plaintiff and knowledge that requiring additional discovery may have been needed).

ALDF's contention that it needs an additional site visit because the January 2020 site visit occurred on a "cold day, with few other visitors," as compared to visits by Dr. Briggs "on 'busy weekends in the summer,'" is equally meritless.  Dkt. 244 at 3, 5.  Putting aside the fact that ALDF *chose* to conduct a site visit in the winter during this lawsuit, ALDF conveniently omits the fact that its members (on whose behalf it has filed suit) and its retained experts have made multiple visits to the Olympic Game Farm, including a surreptitious visit on a warm summer day in June 2018.  Feldman Decl. ¶ 4; Ex. B at 3–6; *see also* Dkt. 151 ¶¶ 8, 17, 25 (multiple visits by ALDF member Carol McGee).  ALDF then used photographs taken during these visits not only in this lawsuit, but for commercial purposes—namely to send out fundraising solicitations with misleading and false claims about Olympic Game Farm.

---

[3] ALDF cites to no authority for its suggestion that Dr. Briggs should be precluded from visiting the Olympic Game Farm after the Rule 34 site visit, and Defendants are aware of no requirement that would afford ALDF's experts' equal access to the facilities.

DEFENDANTS' OPPOSITION TO
MOTION TO REOPEN DISCOVERY - 6
(3:18-cv-06025-RSL)
116376067.4 0069042-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1    ALDF's suggestion that it needs another site visit to rebut the opinions in Dr. Briggs'

2    supplemental report is also misplaced.  Dkt. 244 at 7.  **First**, one of ALDF's experts has already

3    issued a rebuttal to Dr. Briggs' supplemental report.  Feldman Decl. ¶ 6.  **Second**, Dr. Briggs'

4    supplemental report does not offer new opinions; rather, it merely confirms the opinions set forth

5    in his prior reports, declarations, and deposition testimony based on additional site visits and

6    information produced in discovery—that the Olympic Game Farm's animal care practices meet or

7    exceed the applicable standards of the Animal Welfare Act and generally accepted animal

8    husbandry practices.  Feldman Decl. ¶ 5, Ex. C.  Moreover, Dr. Briggs' report is consistent with

9    inspections performed by the USDA before and after ALDF's January 2020 site visit that found

10   no non-compliances—the reports confirming which have all been timely produced to ALDF.  *Id.*

11   ¶ 11.

12   **B.    A Site Visit Would Not Generate Any Relevant Information Not Already in ALDF's**
     **Possession as the Enclosures and Housing Relationships for the Wolf-Dog Hybrids**
13   **Has Not Changed Since ALDF's January 2020 Site Visit.**

14          ALDF contends that an additional site visit is necessary for two other reasons: because new

15   enclosures for the wolf-dog hybrids may have been constructed and housing relationships of those

16   wolf-dogs may have changed since ALDF's January 2020 site visit.[4]  Dkt. 244 at 6.  ALDF

17   purports to be confused by Dr. Briggs' supplemental report's reference to improvements made to

18   the wolf-dog enclosures.  *Id.* at 4–5.  The relevant portion of Dr. Briggs' supplemental report states:

19   "Olympic Game Farm received no citations or deficiencies in the last five years (2018-2022) and

20   has demonstrated a pattern and practice of continual improvement of the facility (including new

21   enclosures and platforms for wolf-dog hybrids) over the three-to-four years of my visits."  Feldman

22   Decl. Ex. C at 7.  ALDF's uncertainty is an issue for cross-examination; it is not a proper basis to

23   reopen discovery less than two months before trial.  Regardless, the wolf-dog enclosures and

24

25   _____

26   [4] During the parties' meet-and-confer, Defendants noted that ALDF's desire for updated information regarding who is housed with whom could be obtained through an updated discovery response without the burden of another site visit.  Dkt. 245-4 at 4.

DEFENDANTS' OPPOSITION TO
MOTION TO REOPEN DISCOVERY - 7
(3:18-cv-06025-RSL)
116376067.4 0069042-00001

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1    platforms referenced by Dr. Briggs were completed in the summer of 2019.  Declaration of Robert

2    Beebe ("**Beebe Decl.**") ¶ 2.  Olympic Game Farm has not constructed new enclosures for the wolf-

3    dog hybrids since ALDF's January 6, 2020 site visit. *Id.* ¶ 3.  ALDF's experts already spent "an

4    hour or two" observing the wolf-dog hybrids and their enclosures during their January 2020 site

5    visit. Feldman Decl. ¶ 4, Ex. B at 9.  There have been no changes to the wolf-dog enclosures that

6    would justify another site visit.

7          Next, ALDF attempts to manufacture an inconsistency by pointing to a veterinary record

8    produced by Sequim Animal Hospital as "indicat[ing] that OGF cleared a different area of land

9    for construction of new wolf enclosures."  Dkt. 244 at 5.  But this references the very same area

10   that ALDF's representatives admittedly observed during the January 2020 site visit. *See id.* at 3

11   ("ALDF's representatives observed an area where OGF planned to build different wolf enclosures

12   but then abandoned that plan.").  Robert Beebe testified at the Olympic Game Farm's 30(b)(6)

13   deposition that efforts to construct new enclosures were on hold.  Dkt. 244-1 at 3–4.  That has not

14   changed.  Beebe Decl. ¶ 3.  Another site visit is not needed to observe the same unfinished area

15   that does not house any animals.

16         Finally, ALDF argues that it needs to conduct another site visit because "OGF may have

17   altered the housing relationships with the wolves," Dkt. 244 at 6, and misleadingly suggests that

18   newly produced documents indicate that some of the Olympic Game Farm's wolf-dog hybrids

19   were recently separated for "fighting."[5]  *Id.* at 5.  The note from the veterinary record upon which

20   ALDF bases its speculation is a vestige from a prior patient history report that was previously

21   produced by Sequim Animal Hospital in November 2020.  Feldman Decl. ¶ 9, Ex. F.  The fact that

22   ALDF waited 20 months before citing this record as justification for another site visit is indicative

23   of ALDF's lack of diligence in seeking additional discovery. *See Balsey*, 2010 WL 11561363, at

24   *2 (denying motion to reopen discovery where four-month delay showed a lack of diligence on

25   ─────────────────
           [5] Wolf-dog sisters Coco and Ginger were previously in adjacent enclosures but were separated in 2018 after
26   they were observed growling and exhibiting dominance behaviors at each other through the fence separating their
     enclosures.  The animals were not physically "fighting."  Beebe Decl. ¶ 4.

DEFENDANTS' OPPOSITION TO
MOTION TO REOPEN DISCOVERY - 8
(3:18-cv-06025-RSL)
116376067.4 0069042-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1   the part of plaintiff).  Nevertheless, the "housing relationships" of the wolf-dog hybrids have not

2   changed since ALDF's January 2020 site visit—each animal is in the same enclosure as it was

3   during the visit.  Beebe Decl. ¶ 4.  For these reasons too, another site visit would not generate any

4   new evidence regarding the enclosures or housing relationships of the Olympic Game Farm's wolf-

5   dog hybrids.  *See Carnahan v. Leon*, No. 2:17-CV-86-RSL, 2019 WL 1226815, at *4 (W.D. Wash.

6   Mar. 15, 2019) (denying motion to reopen discovery where the discovery sought was "unlikely to

7   lead to any relevant evidence").

8   **C.     ALDF's Untimely Request is Unduly Burdensome, Disproportionate to the Needs of
          the Case, and Would Prejudice Defendants' Trial Preparations.**
9

10          ALDF's request for an additional site visit will cause undue burden and expense to

11  Defendants by disrupting regular business operations, impacting visitors to Olympic Game Farm,

12  distracting from trial preparations, and forcing Defendants to incur additional expenses.  It is also

13  disproportionate to the needs of the case given the four discrete issues that remain for trial.  Courts

14  in similar situations have denied requests to reopen discovery when a party waits until just weeks

15  before trial to compel additional discovery.  *See, e.g.*, *Cobb v. Rodriguez*, 2016 WL 3905677, at

16  *3 (S.D. Cal. July 18, 2016), *aff'd by* 751 F. App'x 988 (9th Cir. 2018) (denying motion to reopen

17  discovery where plaintiff had four months to seek to compel production but chose not to do so

18  until only a few weeks before trial).

19          Olympic Game Farm's staff is committed to the wellbeing and safety of the facility's

20  animals and its resources are committed to those goals.  ALDF claims that an additional site visit

21  would result in no burden to Defendants and naively suggests that its visit "would be barely

22  distinguishable from OGF's customers."  Dkt. 244 at 2.   The true breadth and disruptiveness of

23  ALDF's proposed site visit is belied by the expansive nature of ALDF's proposed visit: an 8-hour

24  site visit on a busy weekend day in August, during which ALDF proposes to "[v]iew, photograph,

25  and videotape ESA-protected animal enclosures."  Dkt. 245-2 at 3.  ALDF also proposes that it

26  and its experts be allowed to park in the middle of the driving tour and exit its vehicle so they can

DEFENDANTS' OPPOSITION TO
MOTION TO REOPEN DISCOVERY - 9
(3:18-cv-06025-RSL)
116376067.4 0069042-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1   set up video equipment in the vicinity of the bear fields "to observe the amount of bread purchased

2   by the public and thrown to the bears." *Id.* at 2.  For obvious safety reasons, no paying customer

3   at Olympic Game Farm is allowed to park or exit their vehicles along an active driving tour route

4   in the bear fields.  ALDF's suggestion that its site visit can occur without supervision or diversion

5   of staff resources is simply not credible.

6          Nor is ALDF's proposal to have its experts visit unannounced and without counsel present

7   a viable option.  Dkt. 244 at 5.  This would deprive Olympic Game Farm of the ability to ensure

8   that the visit is limited in scope to the four issues that remain to be resolved at trial.  Indeed, in

9   requesting another site visit, ALDF has attempted to expand the scope of issues for trial by

10  requesting to access, photograph, and film *all* ESA-protected species at the Olympic Game Farm

11  and their enclosures without actually identifying which species ALDF believes those are and

12  despite the fact that the Court has already dismissed many of these very claims on summary

13  judgment.  *Compare id.* at 3 (stating ALDF's intent to observe and film) *with* Dkt. 228 at 17–22

14  (dismissing claims related to enclosures and animal care for brown bears, lions, and tigers).

15  Further, the ***only*** enclosures that are still arguably at issue in this case are those housing the wolf-

16  dog hybrids.  *See* Dkt. 228.  Another site visit will not lead to the discovery of relevant evidence

17  regarding the veterinary care practices for tigers with renal failure, whether Purrsia received

18  appropriate veterinary care for a femur fracture in 2016, or the appropriateness of feeding whole

19  wheat bread to brown bears as a snack.  ALDF's motion is disproportionate to the needs of the

20  case given the remaining issues for trial.  *See Muhammad v. California*, No. CV 18-4017 JAK

21  (PVC), 2020 WL 13356440, at *12 (C.D. Cal. May 26, 2020) (denying motion to reopen discovery

22  that is unnecessary to prove claims and would require an expenditure of resources disproportionate

23  to the needs of the case); *see also Ericsson*, 2019 WL 215075 at *2, *6 (denying motion to reopen

24  discovery for "limited" purposes).

25          Defendants and their counsel are fully occupied with trial preparations and allowing

26  another site visit at this late stage would distract from these preparations.  If allowed to conduct

DEFENDANTS' OPPOSITION TO
MOTION TO REOPEN DISCOVERY - 10
(3:18-cv-06025-RSL)
116376067.4 0069042-00001

1   another site visit, Defendants anticipate that ALDF would attempt to serve supplemental expert

2   reports with additional "evidence" and opinions, even though the deadline for such supplements

3   passed on July 5, 2022.  Defendants' and their expert would be prejudiced by having to divert

4   energy away from trial preparations in order to prepare rebuttal reports or trial testimony to any

5   untimely disclosed opinions premised on a last-minute site inspection.  In addition, Defendants

6   would need their experts and representatives to participate in any such site visit, just as they did

7   during the January 2020 site visit.  The reasons for this are clear: despite ALDF's professed

8   concern about the feeding of whole wheat bread to bears, ALDF's own expert, Lisa Harrenstien,

9   fed whole wheat bread to the brown bears and donated her left-over bread to other visitors to feed

10  the brown bears.  Feldman Decl. ¶ 4, Ex. B at 7–8.  For all of these reasons, Defendants would be

11  prejudiced by diverting resources from trial preparations.

12                        **VI.    CONCLUSION**

13          ALDF's request to reopen is untimely, disregards the Parties' prior agreement, would be

14  disruptive to the Olympic Game Farm's visitors and staff, and would distract from Defendants'

15  trial preparations.  Defendants also remain concerned about ALDF's use of information gathered

16  from prior site visits and in discovery to fundraise for this lawsuit and to spread untrue allegations

17  about the Olympic Game Farm.  Each of the factors articulated by the Ninth Circuit weigh against

18  reopening discovery.  *See City of Pomona*, 866 F.3d at 1066. For all of these reasons, Defendants

19  respectfully request that the Court deny the motion.[6]

20

21

22

23          [6] If the Court is inclined to grant ALDF's motion, which it should not do, Defendants respectfully request
    that the Court not grant ALDF *carte blanche* for a site visit, as set forth in ALDF's proposed order, but rather include
24  several conditions to minimize the disruptiveness of such a site visit and the burden on Defendants.  This would
    include limiting the number of ALDF participants, limiting the visit to no more than two hours during a weekday,
25  restricting the areas to be visited to the wolf-dog enclosures only, requiring that ALDF coordinate in advance a time
    in which a visit can be supervised by Defendants and their expert, requiring that ALDF remain in their vehicle at all
26  times for safety, and prohibiting any new expert reports or use of photographs or videos outside this lawsuit or for any
    commercial purpose.

DEFENDANTS' OPPOSITION TO
MOTION TO REOPEN DISCOVERY - 11
(3:18-cv-06025-RSL)
116376067.4 0069042-00001

1

DATED:  August 15, 2022.

2                                                    STOEL RIVES LLP

3

4                                                    /s/ James C. Feldman
                                                     Jason T. Morgan, WSBA No. 38346
5                                                    Aric H. Jarrett, WSBA No. 39556
                                                     Rachel D. Groshong, WSBA No. 47021
6                                                    James C. Feldman, WSBA No. 51271
                                                     600 University Street, Suite 3600
7                                                    Seattle, WA  98101
                                                     Phone: (206) 624-0900
8                                                    Facsimile: (206) 386-7500
9                                                    Email:   jason.morgan@stoel.com
                                                               aric.jarrett@stoel.com
10                                                             rachel.groshong@stoel.com
                                                               james.feldman@stoel.com
11
                                                     Attorneys for Defendants
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' OPPOSITION TO
MOTION TO REOPEN DISCOVERY - 12
(3:18-cv-06025-RSL)
116376067.4 0069042-00001