UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND,<br><br>Plaintiff,<br><br>v.<br><br>OLYMPIC GAME FARM, INC., *et al.*,<br><br>Defendants. | Cause No. C18-6025RSL<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on defendants' motion for reconsideration of the Court's summary judgment order (Dkt. # 228). Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). Defendants argue that the Court manifestly erred when it (a) exercised jurisdiction over plaintiff's claims regarding the Canada lynx Purrsia and the housing and care of wolves and (b) suggested that Kodiak brown bears (*Ursus arctos middendorffi*) and grizzly bears (*Ursus arctos horribilis*) are the same for purposes of the federal Endangered Species Act ("ESA"). They request that the Court reconsider these aspects of the summary judgment order.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR RECONSIDERATION - 1

## A. 60-Day Notice Letter

The ESA requires citizen-plaintiffs to provide notice of an alleged violation of the Act at least sixty days prior to filing suit. 16 U.S.C. § 1540(g)(2)(A)(i). The Ninth Circuit has identified two purposes for the notice provision: it gives the government a chance to take responsibility for enforcing the applicable statute, and it gives the alleged violator a chance to bring itself into compliance. *Klamath-Siskiyou Wildlands Ctr. v. MacWhorter*, 797 F.3d 645, 650 (9th Cir. 2015). In order to fulfill these purposes, the notice must, "[a]t a minimum ... provide sufficient information ... so that the [notified parties] could identify and attempt to abate the violation." *Sw. Ctr. For Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 522 (9th Cir. 1998). The notice requirement is jurisdictional: failure to comply bars a suit under the ESA. *Cascadia Wildlands v. Scott Timber Co.*, 328 F. Supp. 3d 119, 1127 (D. Or. 2018). As such, the requirement cannot be waived. *Id.* at 1128.

With regards to the Canada lynx Purrsia, plaintiff's ESA claim revolves around a femoral (thigh) bone fracture that had to be surgically repaired in the fall of 2016. Plaintiff asserts that complications related to this procedure caused Purrsia unnecessary suffering and violated Washington's animal cruelty laws, which in turn constitutes a violation of the federal ESA. Dkt. # 192 at 14. With regards to the gray wolves, plaintiff asserts that the small, cramped enclosures in which they are housed, the failure to ensure that the wolves (and their pups) have safe and appropriate food, and a lack of prompt and adequate veterinary care violate the ESA. *Id.* at 11-13.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR RECONSIDERATION - 2

With regards to the Canada lynx and gray wolves, the 60-day notice letter plaintiff provided defendants in September 2018 mentions only the size and characteristics of their enclosures. Although a notice letter need not list every detail, instance, or aspect of an ESA violation (*Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943, 951 (9th Cir. 2002)), an examination of the notice as a whole (*Marbled Murrelet v. Babbitt*, 83 F.3d 1068, 1073 (9th Cir. 1996)) along with the behavior of the recipients in response to the notice (*Natural Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 997 (9th Cir. 2000)) must show that the notice provided enough information that the defendant could "identify and address the alleged violations, considering the defendant's superior access to information about its own activities" (*Klamath-Siskiyou Wildlands Ctr.*, 797 F.3d at 651). The 2018 notice letter failed to serve its essential purposes with regards to the 2016 injury to Purrsia or the diet and veterinary care provided the gray wolves.[1]

Plaintiff argues that a notice letter sent in March 2022 remedies any deficiency that may have previously existed. The ESA is clear, however, that an action may not be commenced until 60 days after plaintiff provides notice of a claim. In the Ninth Circuit, "[a] failure to strictly

---

[1] Plaintiff previously asserted that the wolf Brutus died of salmon poisoning, a result of improper feeding practices and delayed/inadequate veterinary treatment. Dkt. # 192 at 12. It now asserts that Brutus died with symptoms that are consistent with those caused by keeping gray wolves in small spaces and that it should be permitted to introduce evidence of his death/symptoms in support of its enclosure claim. Dkt. # 237 at 3. Plaintiff's claims with regards to Purrsia have similarly morphed, and it now asserts that the femoral break was caused by the stress of being caged in an enclosure with nowhere to hide. Assuming a causal relationship exists between the size and characteristics of the enclosures and the animal's injuries or symptoms, evidence of Purrsia's femoral break and/or Brutus' death may be admissible to support the enclosure claims.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR RECONSIDERATION - 3

comply with the notice requirement acts as an absolute bar to bringing suit under the ESA." *Sw. Ctr. for Biological Diversity*, 143 F.3d at 520. Plaintiff offers no authority for its position that an ESA claim over which the Court lacks subject matter jurisdiction for failure to comply with the notice requirement can be retroactively saved by a post-filing notice.[2] Such a procedure would upend the balance Congress struck "between encouraging citizen enforcement of environmental regulations and avoiding burdening the federal courts with excessive numbers of citizen suits." *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 29 (1989). At present, the Court lacks jurisdiction over the claims regarding the 2016 injury to Purrsia and/or the diet and veterinary care provided the gray wolves. Whether plaintiff will be permitted to assert new ESA claims by amending its complaint, thereby delaying the date on which the "action" is commenced for purposes of 16 U.S.C. § 1540(g)(2)(A)(i), will be determined in the context of the pending motion for leave to amend. *See Alliance for the Wild Rockies v. U.S. Dep't of Agric.*, 772 F.3d 592, 603 (9th Cir. 2014) (quoting with approval the district court's finding that "for purposes of a notice and delay provision relating to a new claim which appears for the first time in the pleadings in the amended complaint, the Court will look to the filing of the amended complaint to determine when the 'action' is commenced.").

---

[2] The only case cited by plaintiff stands for the unremarkable proposition that the filing of an amended complaint supersedes the original and renders moot any motion directed at the adequacy of the initial filing. *See Young v. Becerra*, Cause No. 2:21-cv-03941-PA(AFM), 2021 WL 4228354 at *1 (C.D. Cal. June 9, 2021).

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR RECONSIDERATION - 4

**B. Protections for Kodiak brown bears (*Ursus arctos middendorffi*)**

The parties agree that brown bears of the subspecies *Ursus arctos middendorffi* (*i.e.*, Kodiak brown bears) are not protected by the ESA. In their motion for summary judgment, defendants did not assert that any of their bears are members of *Ursus arctos middendorffi* or that they or their ancestors haled from Kodiak Island, Alaska, instead simply stating that they were not "*Ursus arctos horribilis* of the 48 conterminous States of the United States." *See, e.g.*, Dkt. # 126 at 16-17. The Court understood this phrasing to mean, as stated in reply, that defendants were drawing a distinction between grizzly bears of the subspecies *Ursus arctos horribilis* born in (or descended from) Alaska and Canada and grizzly bears of the subspecies *Ursus arctos horribilis* who had no Alaska or Canadian ancestry and were therefore "of the 48 conterminous States." Dkt. # 198 at 5-6. That distinction was rejected. In the absence of any evidence (or even an assertion) that defendants' brown bears were from Kodiak Island, Alaska, the Court found that the bears are indeed "of the 48 conterminous States" and protected by the ESA. While the Court agrees that members of *Ursus arctos middendorffi* are not protected under the ESA, that fact is of no moment where there is no evidence that any of the bears at issue fall within that subspecies.

//

//

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR RECONSIDERATION - 5

For all of the foregoing reasons, defendant's motion for reconsideration is GRANTED in part and DENIED in part. Plaintiff's federal ESA claim regarding the 2016 injury to the Canada lynx Purrsia and the diet and veterinary care provided the gray wolves is DISMISSED for lack of jurisdiction.

Dated this 6th day of September, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge