UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND,<br><br>Plaintiff,<br><br>v.<br><br>OLYMPIC GAME FARM, INC., *et al.*,<br><br>Defendants. | Cause No. C18-6025RSL<br><br>ORDER DENYING MOTION<br>FOR LEAVE TO AMEND |

This matter comes before the Court on "Plaintiff's Motion for Leave to File an Amended and Supplemental Complaint." Dkt. # 234. Having reviewed the memoranda, declaration, and exhibits submitted by the parties, the Court finds as follows:

There is no absolute bar against amending an Endangered Species Act claim based on a notice letter that was sent after litigation has commenced. *See Alliance for the Wild Rockies v. U.S. Dep't of Agric.*, 772 F.3d 592, 603 (9th Cir. 2014) (quoting with approval the district court's finding that "for purposes of a notice and delay provision relating to a new claim which appears for the first time in the pleadings in the amended complaint, the Court will look to the filing of the amended complaint to determine when the 'action' is commenced."). Thus, the Court's analysis is governed by Fed. R. Civ. P. 15(a), pursuant to which courts "should freely give leave [to amend] when justice so requires." There is a "strong policy in favor of allowing

ORDER DENYING MOTION FOR
LEAVE TO AMEND - 1

amendment" (*Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." (*Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted)). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).[1]

The March 2022 notice letter was issued after the Court dismissed a number of plaintiff's ESA claims for failure to comply with 16 U.S.C. § 1540(g)(2)(A). The letter provides post-filing notice of the following "new" claims:

> (a) with regards to grizzly bears, that defendants violated the ESA by (1) housing them in muddy, unsanitary, cheatgrass-infested pens and then failing to provide them with adequate veterinary care for their grossly infected cheatgrass wounds, (2) failing to provide pain medication and veterinary care for severe arthritis, and

---

[1] Defendants argue that plaintiff must satisfy both Rule 15(a) and Rule 16(b) before leave to amend the complaint could be granted. Under Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." There does not, however, appear to have been an established deadline for amending the complaint in this case, and the rules of procedure authorize amendment even as late as trial where "a party objects that evidence is not within the issues raised in the pleadings." Fed. R. Civ. P. 15(b)(1). In the circumstances presented here, the motion to amend does not involve a modification of the case management order and the "good cause" standard of Rule 16 does not apply.

ORDER DENYING MOTION FOR
LEAVE TO AMEND - 2

       (3) anesthetizing bears without a veterinarian present and without critical monitoring and support;

  (b) with regards to gray wolves, that defendants violated the ESA by (1) failing to ensure that the wolves (and their pups) have safe and appropriate food and (2) failing to provide prompt and adequate veterinary care;

  (c) with regards to tigers, that defendants violated the ESA by (1) feeding them donated horse and cow carcasses, (2) failing to provide adequate claw care, (3) failing to provide veterinarian treatment and care for arthritis, and (4) anesthetizing tigers without a veterinarian present;

  (d) with regards to lions, that defendants violated the ESA by (1) depriving them of treatment for their joint disease and (2) subjecting lions to unsafe food preparation and feeding practices; and

  (e) with regards to the Canada lynx, that defendants violated the ESA by (1) fracturing the cat's femur during a botched anesthesia procedure and (2) failing to provide adequate veterinarian care for the subsequent injury.

These claims are not new, however. Most of them were obliquely mentioned in the complaint, and all of them were expressly pursued at the summary judgment stage.

    There is in this case strong evidence of undue delay on plaintiff's part and undue prejudice to defendants if the proposed amendment is allowed. For purposes of the "undue delay" factor under Rule 15(a), the Court evaluates "whether the moving party knew or should

ORDER DENYING MOTION FOR
LEAVE TO AMEND - 3

have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). This litigation was filed in December 2018. Plaintiff was clearly aware of most of the issues listed above at that time, having made reference to them in the original complaint. *See* Dkt. # 1 at ¶ 2 ("lack of . . . suitable food"), ¶ 5 ("failed to give several necessary medications [for] arthritis in an older brown bear and leg injuries suffered by a Canada lynx"), ¶ 11 ("failure to provide necessary . . . medical attention"), ¶ 15 ("unsanitary conditions of the area used to prepare food for the animals"), ¶ 34 (defendants' husbandry and veterinary care injure, harm, and harass animals), ¶ 9 ("lack of . . . veterinary care"). Plaintiff asserts that some of the conduct identified in the March 2022 notice letter "occurred after the original Complaint was filed," but does not identify any such post-filing conduct. Dkt. # 234 at 1-2.[2] Plaintiff also argues that its efforts to amend the complaint were timely because they were undertaken shortly after the Court found that the original notice letter disclosed only the enclosure and bread-feeding claims. The Court's decision should not have come as a surprise: the scope of the September 2018 notice letter is not ambiguous and clearly does not include the myriad claims plaintiff belatedly seeks to add to this litigation.

---

[2] A review of the March 2022 notice letter suggests that this assertion involves the claim that defendants provide inadequate nail care for tigers. *See* Dkt. # 234-1 at 50 ("[Olympic Game Farm] fails to provide the Tigers with claw care, causing the animals' claws to grow into the foot pad and cause injury – both from the ingrown nails and then from the anil removal process. For example, in 2020, [Olympic Game Farm] allowed the claws on the tiger Tiggers to become so overgrown that they pierced her paw pads." Tiggers died in August 2020 (Dkt. # 160 at 12), and plaintiff knew as of February 2021 that "all of [Olympic Game Farm's] older tigers suffer from nails growing into their paw pads" (Dkt. # 234-1 at 50; Dkt. # 160 at 13). Plaintiff did not, however, take any steps to provide statutory notice of this claim or to amend its complaint until more than a year later, in March 2022.

ORDER DENYING MOTION FOR
LEAVE TO AMEND - 4

"Undue delay by itself is insufficient to justify denying leave to amend . . . ." *U.S. v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). Rather, the Ninth Circuit requires that undue delay be coupled with some other factor, such as "prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Defendants will be prejudiced if they must now defend the new claims set forth in the March 2022 notice letter. Discovery has closed, and the dispositive motions deadline has passed. Although the trial of this matter has been continued while a legal issue related to the public nuisance claim is presented to the Washington Supreme Court, allowing the proposed amendment would likely restart the litigation, imposing extensive, unnecessary, and avoidable costs on defendants.

Defendants were apparently unaware until after dispositive motions were filed that plaintiff's ESA claim comprehended more than the enclosure and bread-feeding claims disclosed in its September 2018 notice letter. Defendants' motion for summary judgment did not even mention the 60-day notice requirement, and it was not until plaintiff raised the new issues in its motion for summary judgment and in opposition to defendants' motion that defendants had an opportunity to address what turned out to be the majority of plaintiff's "take" allegations. The Court is only now resolving motions for reconsideration that turn, at least in part, on the fact that plaintiff inserted claims into this litigation without providing statutory notice. Allowing the proposed amendment would undoubtedly require another round of summary judgment motions because (a) the Court did not consider whether most of the "new" practices listed above

ORDER DENYING MOTION FOR
LEAVE TO AMEND - 5

constitute "harassment" under the ESA and (b) many of the claims identified in the March 2022 letter do not appear to involve on-going violations that can be the subject of a citizen suit under the ESA. The proposed amendment would also necessitate additional discovery given defendants' assertion that their prior focus on these practices was in the context of the public nuisance claim, not on the very specialized definition of harassment under the ESA. "[R]equiring the parties to scramble and attempt to ascertain whether" each of plaintiff's thirteen new complaints constitutes a violation of the ESA "would [] unfairly impose[] potentially high, additional litigation costs on [defendants] that could have easily been avoided had [plaintiff] pursued" its new claims in a timely manner." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953–54 (9th Cir. 2006) (upholding denial of leave to amend even though there were still eight months of discovery remaining).

      Plaintiff may, of course, attempt to file a second lawsuit to address the claims identified for the first time in the March 2022 notice letter. It may not, however, graft those claims onto this case after discovery has ended and dispositive motions have been resolved. Doing so would

//

//

ORDER DENYING MOTION FOR
LEAVE TO AMEND - 6

greatly expand the issues in the case, upend the case management schedule, and effectively restart the litigation, all to the detriment of defendants. Despite the liberal policy of Rule 15(a), plaintiff's motion for leave to amend (Dkt. # 234) is therefore DENIED.

Dated this 6th day of September, 2022.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
LEAVE TO AMEND - 7