UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND,<br><br>Plaintiff,<br><br>v.<br><br>OLYMPIC GAME FARM, INC.,<br><br>Defendants. | CASE NO. 3:18-cv-06025-RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO SEAL |

This matter comes before the Court on defendants' "Motion to file Documents Under Seal in Regard to Motion to Exclude Expert Testimony." Dkt. # 141. Defendants assert that a treatment record from the Sequim Animal Hospital (Exhibit V to the Declaration of Jason T. Morgan) and expert reports that contain information from veterinarian records or independent laboratory reports (Exhibits I, K, O, Q, S, and T to the Declaration of Jason T. Morgan) were properly designated as "confidential" under the protective order entered in this case and should be maintained under seal.

"There is a strong presumption of public access to the court's files," and, absent a showing that the public's right of access is outweighed by the interests of the public and/or the parties in shielding the material from public view, a seal is not appropriate. LCR 5(g). In earlier briefing before the Honorable Ronald B. Leighton, defendants took the position that veterinarian records are protected from disclosure under WAC 246-933-320 and the

ORDER GRANTING DEFENDANTS' MOTION TO
SEAL - 1

principles of veterinary medical ethics. WAC 246-933-320 does not support the claim of confidentiality: all it does is make veterinary medical records the property of the veterinarian and give the owner of the animal a right to copies of those records. The principles of veterinary medical ethics promulgated by the American Veterinary Medical Association, however, do provide some claim to confidentiality, declaring that veterinary medical records are confidential and imposing on veterinarians a duty to safeguard medical information and protect the personal privacy of clients. Dkt. # 106 at ¶ 6. In the context presented here, these exhibits are offered not to prove or disprove a fact at issue in this case, but rather in an effort to exclude the testimony of the authors. A sealed document attached to a non-dispositive motion, especially one that is offered only to show that it is unreliable and/or unhelpful, is of little use to the public and is only tangentially related to the underlying claims and defenses. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984).

For the foregoing reasons, defendants' motion to seal (Dkt. # 141) is GRANTED. If, however, these same documents are offered in support of a dispositive motion or opposition thereto, the party seeking to file them under seal will have to show compelling reasons sufficient to outweigh the public's interest in disclosure despite the fact that the documents were previously filed under seal in the context of this non-dispositive motion.

Dated this 6th day of March, 2023.

                                          *signature*
                                          Robert S. Lasnik
                                          United States District Judge