```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>OLYMPIC GAME FARM, INC., et al.,<br><br>　　　　　　　Defendants. | No. 3:18-cv-06025-RSL<br><br>ORDER REQUIRING JOINT STATUS REPORT |

This matter comes before the Court *sua sponte*. On May 30, 2023, the Court granted Plaintiff's motion to consolidate this matter with *Animal Legal Defense Fund v. Olympic Game Farm, Inc., et al.*, Case No. 3:22-cv-05774-RSL. Dkt. # 278. On June 14, 2023, Plaintiff filed an amended complaint. Dkt. # 279. On June 27, 2023, Defendants filed an answer to Plaintiff's amended complaint. Dkt. # 280. The Washington State Supreme Court recently answered the certified question regarding plaintiff's public nuisance claim in the negative. *Animal Legal Def. Fund v. Olympic Game Farm, Inc.*, No. 101264-1, 2023 WL 5281830 (Wash. Aug. 17, 2023).

**I. REPORT**

All counsel are directed to confer and provide the Court with a Joint Status Report ("Report") by **SEPTEMBER 25, 2023**. This conference shall be by direct and personal communication, whether that be a face-to-face meeting or a telephonic conference. The Report will be used in setting a schedule for the prompt completion of the case and the

parties are reminded of their obligation to cooperate to secure the just, speedy, and inexpensive resolution of this case. Fed. R. Civ. P. 1. It must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of all remaining issues.

2. Whether any additional discovery is necessary and, if so, an agreed proposed discovery plan that indicates:

   A. The subjects on which discovery is needed and whether discovery should be limited to or focused upon particular issues;

   B. What changes, if any, should be made to the limitations on discovery;

   C. A statement of how discovery will be managed so as to minimize expense (*e.g.*, by foregoing or limiting depositions, exchanging documents informally, *etc.*);

   D. Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or under W.D. Wash. Local Rule LCR 16(b) and (c); and

   E. The date by which the remainder of the discovery can be completed.

3. Whether the parties anticipate seeking leave to file additional dispositive motions.

4. What alternative dispute resolution procedures were used before the appeal and whether the parties believe that additional settlement efforts would be beneficial.

5. Suggestions for the prompt and efficient resolution of the case.

6. The month the case will be ready for trial. Identify any calendaring conflicts that should be considered when setting a trial date.

7. The number of trial days required.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify Teri Roberts by telephone at (206) 370-8810.

The time for filing the Report may be extended only by Court order. Any request for extension should be made by telephone to Teri Roberts at (206) 370-8810.

///

ORDER REQUIRING JOINT STATUS REPORT – 2

## II. PLAINTIFF'S RESPONSIBILITY

Plaintiff's counsel will be responsible for starting the communications needed to comply with this Order.

## III. SETTLEMENT CONSIDERATION AND NOTIFICATION

If settlement is achieved, counsel shall immediately notify Victoria Ericksen, Deputy Clerk, at victoria_ericksen@wawd.uscourts.gov. The parties are responsible for complying with the terms of this Order. The Court may impose sanctions on any party who fails to comply fully with this Order.

DATED this 11th day of September, 2023.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge