UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND,<br><br>Plaintiff,<br><br>v.<br><br>OLYMPIC GAME FARM, INC., *et al.*,<br><br>Defendants. | Case No. C18-6025RSL<br><br>ORDER RENOTING MOTION FOR RECONSIDERATION |

This matter comes before the Court on plaintiff's timely motion for reconsideration of the case management order issued on October 4, 2023. The order identified only four practices/events remaining at issue in this lawsuit. Plaintiff argues that its federal Endangered Species Act ("ESA") claim regarding the unlawful possession of the Canada lynx, Purrsia, remains in play.

In December 2018, plaintiff filed this lawsuit alleging, *inter alia*, that defendants violated the ESA by failing to properly treat Purrsia's leg injuries, Dkt. # 1 at ¶¶ 5, 14, and 42, by keeping the Canada lynx in "cramped and deprived conditions," Dkt. # 1 at ¶ 8; *see also* ¶¶ 93-95, and by possessing a Canada lynx in violation of state law, Dkt.

ORDER RENOTING MOTION
FOR RECONSIDERATION - 1

# 1 at ¶¶ 115-17.[1] Defendants moved for summary judgment on the "take" aspect of the ESA claims related to Purrsia, arguing that the ESA prohibitions against taking do not apply to Olympic Game Farm's captive-born and lawfully acquired Canada lynx and, in the alternative, that the animal was appropriately housed and treated. Dkt. # 126 at 19 and 22. In response, plaintiff argued that defendants' evidence of Purrsia's provenance was inadmissible and that defendants violated Washington's animal cruelty laws by failing to give appropriate medical care. Dkt. # 192 at 13-14. The Court found that it was plaintiff's burden to show that Purrsia had been born in the wild (a burden which it had not met), but because plaintiff might be able to prove that defendants had violated Washington's animal cruelty laws with regards to the treatment of Purrsia's leg injury, that aspect of the ESA claim could proceed. Dkt. # 228 at 12 and 28-30. Defendants subsequently showed that the 2016 leg injury had not been adequately disclosed in the original 60-day notice letter. The Court therefore found that it lacked jurisdiction over that claim. Dkt. # 254 at 3.

Through a parallel motion for summary judgment, plaintiff sought summary determinations that defendants were violating the ESA with regards to its grizzly bears and tigers, Dkt. # 160 at 6, and that defendants' possession of a Canada lynx in violation of the state Endangered Species Act constituted a public nuisance, Dkt. # 160 at 28. On reconsideration, plaintiff requested a finding that defendants were violating the state

---

[1] Plaintiffs also alleged that Olympic Game Farm is a public nuisance because it violates the Washington State Endangered Species Act and Washington State Animal Cruelty Laws. Dkt. # 1 at ¶¶ 12 and 149-62. The Washington Supreme Court has determined that the public nuisance claim fails as a matter of law.

ORDER RENOTING MOTION
FOR RECONSIDERATION - 2

Endangered Species Act by possessing Purrsia without proper authorization and that the state law violation constitutes a violation of the federal statute. Dkt. # 230 at 2. The Court denied this belated request. Dkt. # 253 at 3.

Despite the overlapping nature of the cross-motions for summary judgment, it appears that the Court has not resolved plaintiff's claim that defendants "possess" a Canada lynx in violation of the Washington Endangered Species Act and, therefore, have violated the federal ESA. Pursuant to Local Civil Rule 7(h)(3), a motion for reconsideration cannot be granted without giving the opposing party an opportunity to respond. The Clerk of Court is therefore directed to renote plaintiff's motion for reconsideration (Dkt. # 286) on the Court's calendar for Friday, January 5, 2024. Defendants' opposition, if any, is due the Wednesday before the note date. To the extent plaintiff argues in its pending motion for summary judgment (Dkt. # 298) that possession of Purrsia violates the ESA, defendants should make a substantive response.

Dated this 18th day of December, 2024.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER RENOTING MOTION
FOR RECONSIDERATION - 3